UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY T. ALLEN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00287-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amendment if he desires to proceed.

REVIEW OF COMPLAINT

1. **Factual Allegations**

Plaintiff alleges as follows:

> Because John Tewalt and administration knew knowingly and voluntarily had knowledge of illegal actions and constant civil harassment and violations of state and federal law and did nothing to stop it. And still are not while it continues and I'm still being treated worse bc of lawsuits and am being held illegally in IDOC custody a totally unrelated matter. So they treat me worse because of this as well.

Dkt. 3, p. 2 (verbatim).

He further alleges:

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

> Constant harassments, threats, racism, discrimination, inequality—trust fund account debt and constant violations of legal resources and mail policy, including continued abuse verbally and physically by (IDOC) staff at ISCC and ISCI other facilities etc.

*Id.* (verbatim).

He asserts that the foregoing acts amount to violations of the "1st, 3rd, 4th, 6th, 7th, 8th, 9th, 14th, [and] 17th" Amendments of the United States Constitution, as well as violations of various state statutes. Plaintiff sues Josh Tewalt, the Director of the Idaho Department of Correction. He also includes "et al. [and others]" in his case caption, but he does not specify which other persons he is suing.

## 2. Substantive Standard of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs," or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer v. Brennan,* 511 U.S. at 832; *Keenan v. Hall*, 83 F.3d 1083, 1098 (9th Cir. 1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d at 731. For example, the "'more basic the need the shorter the time it can be withheld.'" *Id*. (quoting *Hoptowit,* 682 F.2d at 1259). Temporary unconstitutional conditions of confinement do not rise to the level of constitutional

violations. *See Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995.)

Where conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d at 731.

Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*. To establish an official's deliberate indifference, an inmate must show that (1) the officer was aware of the risk to the prisoner's health or safety, and (2) the officer deliberately disregarded that risk. *Farmer v. Brennan*, 511 U.S. at 837. To rebut the subjective inquiry, prison officials may present evidence that they reasonably responded to the risk. *Id.* at 844–45. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id*. at 835.

Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

If there is "an obvious alternative explanation" for the state action, a plaintiff must provide factual allegations that give rise to a plausible inference that the action was the result of unconstitutional discrimination on the basis of "race, religion, or national origin." *Iqbal*, 556 U.S. at 676-77, 682. A plaintiff must provide sufficient allegations pointing to a discriminatory motive that "nudg[es]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'" *Id*. at 683 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

Verbal harassment, abuse, and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (allegations that a correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *see Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (use of derogatory racial epithets does not violate Fourteenth Amendment); *see Shabazz v. Cole*, 69 F.Supp.2d 177, 198-201 (D.Mass. 1999) (citing authority to explain that racial slurs and verbal threats without more do not invoke constitutional protection). However, inmates have an Eighth Amendment right to be free from "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984).

The United States Supreme Court has reiterated that the Eighth Amendment should

be reserved for serious incidents causing "unnecessary and wanton infliction of pain," where such pain has been inflicted by prison officials' "deliberate indifference to the inmates' health or safety." *Hope v. Pelzer*, 536 U.S. 730, 736-37 (2002) (internal citations and punctuation omitted. Further, in *McKune v. Lile*, 536 U.S. 24, 41 (2002), the Court noted that, in determining whether a constitutional claim lies, "[c]ourts must decide whether the [facts] are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not."

### 3. Procedural Standards of Law

District courts have broad discretion to manage their own dockets. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). Complaints with multiple parties and/or large numbers of unrelated causes of action have been classified as "unwieldy 'in the extreme'" and "an unwelcome and wholly unnecessary strain on ... the court system." *See, e.g., In re GledFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1553, 1554 (9th Cir. 1994), *superseded by statute on other grounds*, Private Securities Litigation Reform Act of 1995, Public Law 104-67, codified at 15 U.S.C. § 78u-4.

Claims against multiple defendants within a single pleading must comply with Federal Rule of Civil Procedure 20(a)(2). That rule requires that at least one claim against all defendants must "arise out of the same transaction, occurrence, or series of transactions or occurrences" and raise "a question of law or fact common to all defendants." *See* Fed. R. Civ. P. 20(a)(2). Claims that do not meet these criteria must be separated into different

lawsuits.[1] The Court will allow only similar claims, grouped by similar defendants, to be included in a single complaint.

### 4. Discussion

#### A. *Supervisory Claims*

Plaintiff has stated no allegations showing that the Director of the IDOC knew of the violations at the time of their occurrence or was actually involved in all of the many alleged civil rights violations in the Complaint. A supervisor cannot be held liable for employee's actions simply because Plaintiff sent him a letter or grievance or the supervisor reviewed and denied a grievance. The law is clear that "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988); *see Sandin v. Connor*, 515 U.S. 472 (1995) (noting that liberty interests are generally limited to freedom from restraint). As one court explained, where defendants' "only roles in [a civil rights] action involve the denial of administrative grievances [when the alleged civil rights violation occurred in the past], ... they cannot be liable under § 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

In *Starr v. Baca*, 633 F.3d 1191 (9th Cir. 2011), the United States Court of Appeals for the Ninth Circuit clarified that a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." 652 F.3d at 1207. Allegations sufficient to show a causal

---

[1] *See, e.g., George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (in PLRA context: "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted). In addition, "[t]here is no respondeat superior liability under §1983," meaning that a person cannot be sued in their personal capacity merely for being a supervisor. *Id*.

It is difficult to know from Plaintiff's current allegations who was involved in the underlying incidents that Director Tewalt is charged with knowing of or being involved in. Plaintiff must provide complete facts supporting each underlying incident, including who was involved, when the incident occurred, and where it occurred; and he must also provide specific facts about how and when Director Tewalt was made aware of or was involved in each incident. Plaintiff may desire to group each set of defendants who were involved in one incident together in one separate amended complaint so that the claim for supervisory liability is based on a clear and particular set of facts.

### B. *Claims Too Vague to be Actionable*

Plaintiff has stated no claim upon which he can proceed with his vague allegations. Plaintiff may file one or more amended complaints.

In simplified terms, for each defendant. Plaintiff must include in his amended complaint, the "who, what, when, where, why, and how" of each allegedly wrongful act

that each defendant committed. Plaintiff cannot state a large number of allegations and then list a large number of constitutional provisions and expect the Court to match them up. Rather, for each particular constitutional violation against each defendant, Plaintiff shall state the following: (1) the name of the person or entity that caused the alleged deprivation of his constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met;[1] (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant. He should do the same for each defendant, in turn.

In addition, Plaintiff cannot bring unrelated claims against unrelated defendants in the same lawsuit. Plaintiff is advised to review his grievances about his various complaints one at a time and prepare one amended complaint for each different cause of action. For example, a separate complaint would be filed for equal protection/harassment claims that occurred at the same time and place by the same defendants; a separate complaint would be filed for mail policy claims that occurred at the same time and place by the same defendants; and a separate complaint would be filed for physical abuse that occurred at the same time and place by the same defendants. One separate complaint would be filed if he encountered physical abuse at ISCC and a second separate complaint would be filed if he

---

[1] For example, Plaintiff must allege facts setting forth the elements of an Eighth Amendment claim.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

also encountered physical abuse at ISCI—because the incidents, dates, and defendants at the two facilities are unrelated would be unrelated.

### C. *Amendment of State Law Claims*

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims ordinarily expected to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

As to Plaintiff's long list of statutory citations, the Court advises Plaintiff that he cannot state a cause of action under a state statute unless there is a private right of action under that statute. In determining whether a private right of action is contained in a statute, the Idaho Supreme Court "focus[es] [its] inquiry [on] whether the legislature intended to create such a private remedy." *Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416, 421 (1996) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). "In the absence of strong indicia of a contrary legislative intent, courts must conclude that the legislature provided precisely the remedies it considered appropriate." *Id*. (citing *Middlesex County Sewerage Auth. v. National Sea Clammers*, 453 U.S. 1, 15 (1981)).

Plaintiff's state law claims that correspond to federal claims may be included in that amended complaint if he has allegations showing that a private cause of action arises from the statute. Otherwise, the statutes should be omitted from the amended complaint.

## 5. Conclusion

Plaintiff will be required to file an amended complaint because the original Complaint does not contain sufficient information to state a plausible claim upon which relief can be granted.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **30 days** after entry of this Order.

2. Failure to file an amended complaint will result in dismissal of the Complaint for failure to state a claim upon which relief can be granted, without further notice to Plaintiff.

DATED: October 7, 2020

David C. Nye
Chief U.S. District Court Judge